## AMERICAN COTTON CO. v. BEASLEY.

### (Circuit Court of Appeals, Fifth Circuit. May 31, 1902.)

### No. 1,144.

1. FOREIGN CORPORATIONS—JURISDICTION OF SUIT AGAINST—LOUISIANA STATUTE.

   Acts La. 1890, No. 149, requires foreign corporations doing business in the state to file a declaration with the secretary of state, in which an agent shall be designated on whom process can be served. It further provides that any such corporation doing business in the state without complying with such requirement may be sued on any cause of action in the parish where the cause arose, "and the service of process may be made on the person, firm or company acting or transacting such business for said corporation, and each person or persons, company or firm, shall be deemed the agent of said corporation upon whom service can be made." *Held*, that a state court of a parish in which a transaction with such a corporation, which had not filed the required declaration, occurred, had jurisdiction of a suit growing out of such transaction, although service was made upon an agent other than the one who acted for the corporation in the transaction.

2. APPEAL—REVIEW—INSTRUCTIONS.

   The correctness of instructions cannot be reviewed on appeal by the circuit court of appeals, unless proper exceptions thereto were taken in the trial court.

In Error to the Circuit Court of the United States for the Western District of Louisiana.

Eugene Williams, for plaintiff in error.

W. P. Hall and E. W. Sutherlin, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This suit was instituted in the First judicial district court of Louisiana, parish of Caddo. The defendant not being found in the parish of Caddo, service of citation was made by delivering a copy to W. C. Wilson, Jr., agent of said defendant, in the city of New Orleans, parish of Orleans, state of Louisiana. Thereupon the defendant appeared, and removed the case to the circuit court for the Western district of Louisiana on the ground of diverse citizenship. After removal to the circuit court, the defendant entered the following:

"Now comes defendant solely for this exception, and pleads to the jurisdiction of the district court, First judicial district, La., where this case was brought in first instance and removed here. He avers this plea is not interposed for delay. Defendant avers said court had no jurisdiction ratione personæ, and prays said suit be dismissed for general relief."

The issues raised by this plea—and it is not clear what they were—were submitted to a jury, and upon the admissions of the plaintiff that one J. P. Russell and W. C. Wilson, Jr., if present, would swear that the said Wilson was not the party or person who acted for the defendant or transacted with the said plaintiff the business which said Beasley alleges to be the cause of action, and that if one John G. Michel, secretary of state of the state of Louisiana, were present, he would testify that the defendant, the American Cotton Company, had never filed any declaration in his office as required by Act No. 149

of the Acts of the Louisiana Legislature of 1890, and this being all the evidence, the judge instructed the jury to find against the plea to the jurisdiction, which was accordingly done.

The first assignment of error raises the question whether the district court of Caddo parish had jurisdiction of the suit, because the American Cotton Company not having any designated agent in the state, as provided in Act No. 149 of the Acts of the Louisiana Legislature of 1890, the transactions which constitute the basis of the suit were within said parish. Upon this matter on the trial of the plea there seems to have been no evidence whatever, and the defendant in the court below relied entirely on the fact that said Wilson, upon whom citation was served, while an agent of the defendant company, was not the agent who acted for the defendant in the business transaction out of which the cause of action arose, not showing nor attempting to show that the cause of action did not arise in Caddo parish. See Act 1890, supra. In this view of the case the peremptory instruction of the judge to find for the plaintiff in the matter of jurisdiction was correct.

By the transcript the business transactions which are the basis of the suit, and out of which the cause of action arose, appear to have been largely, if not entirely, performed in the parish of Caddo, and, if reliance can be placed on the admitted correspondence recited in the note of evidence claimed by plaintiff in error to be a part of a bill of exceptions, the district court of the parish of Caddo was fully seized of jurisdiction ratione materiæ and ratione personæ.

On the merits of the case none of the assignments of error are well taken, because the questions sought to be presented were not suitably and sufficiently reserved by bill of exceptions.

An inspection of the charge of the court admitted to have been given shows that unless there was a different case from that presented by the pleadings or suggested by the evidence printed in the transcript the jury was incorrectly instructed as to the proper rule of damages; but, as no exceptions were taken to the charge of the court before the jury retired (or afterwards for that matter until the assignments of error), we are unable to pass upon the questions raised by the assignments of error relating to improper instructions to the jury.

On the face of the transcript we find no reversible error.

The judgment of the circuit court is affirmed.